# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TINA GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3-04-1139 |
| ) | Judge Knowles |
| PARKER HANNIFIN CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket Entry No. 16. In support of that Motion, Defendant has contemporaneously filed a Memorandum of Law (Docket Entry No. 17), a Statement of Material Facts (Docket Entry No. 18), Excerpts and Exhibits from the Depositions of Tina Green (Docket Entry No. 18, Exs. A, F), Vickie Eason (Docket Entry No. 18, Ex. C), and Philip Moore (Docket Entry No. 18, Ex. B), Excerpts from Plaintiff's Responses to Defendant's First Requests for Production of Documents (Docket Entry No. 18, Ex. D), and Excerpts from Plaintiff's Responses to Defendant's First Set of Interrogatories (Docket Entry No. 18, Ex. E).

Plaintiff has filed a Response in Opposition to the Motion (Docket Entry No. 19), a Response to Defendant's Statement of Material Facts (Docket Entry No. 21), and Excerpts from the Deposition of Vickie Eason (Docket Entry Nos. 19-2, 19-3, 19-4).

Defendant has filed a Reply. Docket Entry No. 28.

1

Plaintiff, an adult resident of Wilson County, originally sued Defendant, a foreign corporation doing business in Wilson County, in the Circuit Court for Wilson County, Tennessee. *See* Docket Entry No. 1, Ex. A. Defendant timely removed the case to this Court on the basis of diversity jurisdiction. Docket Entry No. 1.

Plaintiff avers that Defendant discriminated against her because of her "physical limitations" in violation of Tenn. Code Ann. § 4-21-101, *et. seq*. (the Tennessee Human Rights Act, or "THRA"), and that Defendant discriminated against her and terminated her employment in retaliation for filing a workers' compensation claim in violation of Tenn. Code Ann. § 50-1-304 (the "whistle blower" statute) and § 8-50-103(b)(1) and (2) (part of the Tennessee Handicap Act, or "THA"). *See* Docket Entry No. 1, Ex. A. Plaintiff seeks compensatory and punitive damages, prejudgment interest, and "such other general relief to which she may be entitled." *Id.*

Defendant filed its Answer denying liability. Docket Entry No. 4.

On March 18, 2005, upon Consent of the Parties (Docket Entry No. 12), this case was referred to the undersigned for all proceedings, including the entry of final judgment (Docket Entry No. 13).

Defendant filed the instant Motion for Summary Judgment and supporting materials on July 18, 2005. Docket Entry Nos. 16-18. With regard to Plaintiff's workers' compensation discrimination and retaliation claims, Defendant argues that Plaintiff has improperly filed her workers' compensation retaliation claim under the whistle blower statute; that the deadline for filing to amend her Complaint so as to cure this deficiency has passed; and that, even if Plaintiff had properly alleged her claim, she cannot establish a prima facie case of workers' compensation retaliation. Docket Entry No. 17.

2

Defendant additionally argues that Plaintiff's allegations of "discrimination" for filing a workers' compensation claim are likewise misplaced because, despite Plaintiff's averments, no such claim exists under either Tenn. Code Ann. § 50-1-304 or § 8-50-103(b)(1) and (2). *Id.* Specifically, Defendant argues that Tenn. Code Ann. § 8-50-103 prohibits discrimination based on disability or handicap status, not workers' compensation claims. *Id.* Defendant notes that the particular statute cited by Plaintiff, Tenn. Code Ann. § 8-50-103(b), applies to sworn complaints of disability discrimination filed with the Tennessee Human Rights Commission, and that Plaintiff has not filed a charge of discrimination with the Commission. *Id.* Defendant additionally notes that Plaintiff's claims are also not viable under Tenn. Code Ann. § 4-21-101 *et seq.*, the THRA, because the THRA prohibits discrimination based on a person's "race, creed, color, religion, sex, age or national origin," and, therefore, employees who file workers' compensation claims are not a protected class under the THRA. *Id.*

With regard to Plaintiff's "physical limitations" claim, Defendant argues that Plaintiff cannot establish her prima facie case because, (1) she was not qualified for her position since she could not perform the essential functions of her press operator position within her permanent restrictions; (2) she was not disabled as a matter of law; and (3) since she was not disabled, she cannot establish that she suffered an adverse employment action because of a disability. *Id.* Accordingly, Defendant argues that it is entitled to a judgment as a matter of law on each of Plaintiff's claims. *Id.*

Plaintiff filed her Response and accompanying submissions on August 9, 2005. Docket Entry Nos. 19-20. Plaintiff's submissions do not address the allegations of her Complaint: they do not address her workers' compensation discrimination or retaliation claims. *See id.* Instead,

3

Plaintiff argues that she "has suffered adverse employment actions from the Defendant in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq., and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq."[1] *Id.* Additionally, Plaintiff attempts to argue, for the first time, that Plaintiff suffered from a handicap (not merely a "physical limitation" as alleged in the Complaint), and that Defendant discriminated against her because of that handicap. Plaintiff also mentions the THA, but she never specifically argues that she has a claim or cause of action under the THA.

Defendant filed its Reply on September 14, 2005, arguing, *inter alia*, that Plaintiff "cannot raise new legal claims of ADEA and Title VII discrimination for the first time in response" to its Motion. Docket Entry No. 28.

For the reasons set forth below, the undersigned concludes that there is no genuine issue as to any material fact, and that Defendant is entitled to a judgment as a matter of law. Defendant's Motion for Summary Judgment will, therefore, be GRANTED.

## **II. Facts**[2]

Plaintiff began working at the Lebanon, Tennessee facility of the company that has since become Parker Hannifin (Defendant) in 1969. Docket Entry No. 18, Ex. A, Deposition of Tina

---

[1] On January 19, 2006, the undersigned held a telephone conference (that was recorded) with the parties to discuss the fact that Plaintiff's Response did not address any of the claims contained in her Complaint, and the fact that Plaintiff's Response raised age discrimination and Title VII claims when no Amended Complaint had been filed. When the Court raised this situation with Plaintiff's counsel, he had no explanation for it, other than "it was a mistake." He also stated that he "wasn't aware that [he] had addressed the wrong issues." Plaintiff's counsel, however, did not seek leave of Court to submit another Response to the Motion for Summary Judgment, nor did he request any other relief.

[2] The following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed, unless otherwise noted.

4

Green ("Plaintiff's Dep."), p. 5.

Plaintiff injured her shoulder in 2002 while at work. Docket Entry No. 1, Ex. A, Complaint ("Complaint"), ¶¶ 3, 4; Plaintiff's Dep., pp. 31-32. As a result, Plaintiff underwent rotator cuff surgery. Complaint, ¶¶ 4, 5. Plaintiff's surgery and physical therapy were covered by Defendant's workers' compensation program. *Id.* Defendant also provided "temporary total disability, permanent partial disability benefits and medical benefits." Complaint, ¶ 4.

After her surgery, Plaintiff returned to work in a light duty position consisting of hand stripping and sorting parts. Plaintiff's Dep., pp. 31-32. Plaintiff was restricted from lifting over her head or lifting any objects weighing more than ten pounds. *Id.*, p. 23. Plaintiff's restrictions were made permanent. *Id.*, p. 32. As a result of her permanent restrictions, Plaintiff could not return to her regular press operator duties because she was unable to perform the lifting functions, which required her to regularly lift twenty-five to fifty pounds multiple times per day, to reach up to put a hook into a mold, and to lift molds up to one hundred times per day. *Id.*, pp. 27-29. The only part of Plaintiff's previous job that she could perform within her permanent restrictions was placing O-rings on trays; someone else would have to lift the loaders and run the machine. *Id.*, pp. 29-30.

Plaintiff worked in the light duty position of hand stripping and sorting parts for almost one year. Plaintiff's Dep., p. 33. Plaintiff received her press operator's rate of pay while working in her light duty position. *Id.* Plaintiff acknowledged that the hand stripping and sorting parts position was strictly a light duty position; that Defendant used that position as a temporary position to help people return to their regular duties; and that one year was an unusually long duration for someone to remain that position. *Id.*, pp. 33-36.

5

Plaintiff was laid off on or about November 22, 2003. Plaintiff's Dep., p. 32. Plaintiff was informed that she was being laid off because of a reduction in force due to a lack of work that was a result of Defendant's losing business and ceasing production on unprofitable product lines. *Id.*, pp. 38, 42. Approximately one hundred other employees were also laid off for lack of work, and four other employees with permanent restrictions who were working light duty were laid off at the same time as Plaintiff. Plaintiff's Dep., p. 42. Layoffs occurred in all departments. Docket Entry No. 18, Ex. C, Deposition of Vickie Eason ("Eason Dep."), pp. 6-7.

Defendant's plant had lost $3,000,000 in sales and shut down another $7,000,000 in production. Docket Entry No. 18, Ex. B, Deposition of Philip Moore ("Moore Dep."), pp. 5-6. As a result, there was less overflow work for light duty people. Eason Dep., pp. 6-7. Human Resources Administrator, Vickie Eason, looked to see whether those employees with permanent restrictions who were working in light duty jobs could return to their regular jobs. *Id.* Plaintiff was unable to perform the duties of her previous position within her permanent restrictions. Plaintiff's Dep., p. 44. Ms. Eason, in coordination with the Union, looked for other positions in the plant that Plaintiff could perform within her restrictions and qualifications, but there were no such open positions. Eason Dep., pp. 7, 27. Based upon her seniority, Plaintiff could have returned to her regular press operator position if she did not have permanent restrictions. Plaintiff's Dep., pp. 44-46.

Ms. Eason scheduled an appointment for Plaintiff to see her doctor to determine if the permanent restrictions could be lifted. Eason Dep., p. 17; Plaintiff's Dep., p. 46. Plaintiff saw the doctor, but her restrictions were not lifted. Plaintiff's Dep., p. 46.

In March 2004, Ms. Eason telephoned Plaintiff to see if her restrictions had changed

because Defendant was able to recall some people back to work. Plaintiff's Dep., pp. 46-47. Plaintiff's situation had not changed, so she was not recalled. *Id.*

Plaintiff did not file a grievance regarding her layoff. Plaintiff's Dep., pp. 51-52, 56.

Plaintiff testified that she does housework and laundry, cooks and cleans, grocery shops, makes her bed, and does the dishes. Plaintiff's Dep., pp. 12-15. She also stated that she tends to her personal hygiene, goes for walks, and drives a car. *Id.* The only activities that Plaintiff testified that she could not do were reaching above her shoulder with her right arm, vacuuming, and fishing. *Id.*

Plaintiff was previously on anti-anxiety medication, but has stopped taking it. Plaintiff's Dep., pp. 17, 50. Plaintiff has seen her primary care physician several times since she stopped taking her anti-anxiety medication and has not requested to be put back on the medication. *Id.*, p. 18. Plaintiff has not seen a psychiatrist or psychologist regarding her layoff. *Id.*, p. 50.

### III. Analysis

#### A. Local Rule 8(b)(3)

Local Rule 8(b)(3) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than ten (10) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty (20) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendant filed the pending Motion on July 18, 2005. Docket Entry No. 16. On August 9, 2005, Plaintiff submitted a "Response" in Opposition to the Motion. Docket Entry No. 19. As discussed above, however, Plaintiff's "Response" did not address the allegations of her

7

Complaint, nor did it respond to Defendant's Motion; rather, Plaintiff's "Response" argued claims under the ADEA, Title VII, and a claim of handicap discrimination. As has been noted, the undersigned held a recorded telephone conference with the parties on January 19, 2006 to discuss these issues, and Plaintiff's counsel did not seek leave of Court to submit another Response to the Motion for Summary Judgment, nor did he request any other relief. Because Plaintiff's "Response" did not address the allegations of her Complaint or respond to Defendant's Motion, Plaintiff has failed to respond in compliance with the local rules, and Defendant's Motion for Summary Judgment is deemed unopposed.

The Court notes that Plaintiff has appropriately filed a Response to Defendant's Statement of Material Facts (Docket Entry No. 21), in compliance with Local Rule 8(b)(7)(c), which requires: "Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ..." The majority of the facts that Plaintiff disputes relates to her failure to mitigate her damages in not procuring subsequent employment. *See* Docket Entry No. 21. As will be discussed below, because Plaintiff cannot establish her prima facie claims, it is immaterial whether she failed to mitigate her damages, and Plaintiff's disputing these facts does not raise a genuine issue as to material fact so as to preclude summary judgment.[3]

## B. Summary Judgment Standards

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff has failed to respond in accordance with the Local Rule. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

---

[3] None of the facts that Plaintiff disputes in her Response to Defendant's Statement of Material Facts is material so as to raise a genuine issue as to material fact so as to preclude summary judgment.

8

> [A] district court cannot grant summary judgment in favor of the
> movant simply because the adverse party has not responded. The
> Court is required, at a minimum, to examine the movant's Motion
> for Summary Judgment to ensure that he has discharged [his
> initial] burden ... The federal rules require that the party filing a
> Motion for Summary Judgment "always bears the burden of
> demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. The nonmoving party

9

"is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Gaines v. Runyon*, 107 F.3d 1171, 1174-75 (6th Cir. 1997).

The court should also consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Street*, 886 F.2d at 1479. If the evidence offered by the nonmoving party is "merely colorable," or "is not significantly probative," or enough to lead a fair-minded jury to find for the nonmoving party, the Motion for summary judgment should be granted. *Anderson*, 477 U.S. at 249-252.

If a nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C. The Case at Bar**

Plaintiff, in her Complaint, avers that Defendant discriminated against her because of her "physical limitations" in violation of Tenn. Code Ann. § 4-21-101, *et. seq.*, and that Defendant discriminated against her and terminated her employment in retaliation for filing a workers' compensation claim in violation of Tenn. Code Ann. § 50-1-304 and § 8-50-103(b)(1) and (2). *See* Docket Entry No. 1, Ex. A.

10

With regard to Plaintiff's "physical limitations" claim, Tenn. Code Ann. § 4-21-101 prohibits discrimination in employment based upon "race, creed, color, religion, sex, age or national origin." It does not, however, apply to "physical limitations," or even to physical disabilities. Because Tenn. Code Ann. § 4-21-101 does not apply to "physical limitations" discrimination, Plaintiff cannot establish her claim under this statute, and Defendant is entitled to a judgment as a matter of law.

Plaintiff also alleges that Defendant discriminated against her and terminated her employment in retaliation for filing a workers' compensation claim in violation of Tenn. Code Ann. § 8-50-103(b)(1) and (2). Tenn. Code Ann. § 8-50-103(b)(1) and (2) state as follows:

> (b)(1) Any person claiming to be aggrieved by a discriminatory practice prohibited by this section may file with the Tennessee human rights commission a written sworn complaint stating that a discriminatory practice has been committed, setting forth the facts sufficient to enable the commission to identify the persons charged.
>
> (2) Upon receipt of such complaint, the commission shall follow the procedure and exercise the powers and duties provided in §§ 4-21-302 -- 4-21-311, and the person shall have all rights provided therein.

It can readily be seen that Tenn. Code Ann. § 8-50-103(b)(1) and (2) do not provide Plaintiff with any cause of action whatsoever, much less a cause of action for retaliation for filing a workers' compensation claim. Accordingly, Plaintiff cannot establish her claim under this provision and Defendant is entitled to a judgment as a matter of law.

Tenn. Code Ann. § 8-50-103(a), quoted below, could provide Plaintiff with a potential cause of action for handicap or disability discrimination. But, in her Complaint, Plaintiff never cites this particular statute, nor does she claim to be handicapped or disabled. In her Memorandum supporting her Response in Opposition to Defendant's Motion for Summary

11

Judgment, Plaintiff attempts, for the first time, to raise the argument that "Defendant treated Ms. Green as a disabled individual." Docket Entry No. 20, p. 7. Plaintiff also refers to the THA.

Plaintiff cannot, however, raise this new legal claim for the first time in her Response to Defendant's Motion for Summary Judgment. *See Tucker v. Union of Needletrades*, 407 F.3d 784, 788 (6th Cir. 2005); *Gilmour v. Gates, McDonald & Co.*, 382 F.2d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

Even if Plaintiff had relied upon Tenn. Code Ann. § 8-50-103(a), she cannot establish the requisite elements of a prima facie case under that statute. Tenn. Code Ann. § 8-50-103(a) provides in pertinent part as follows:

> (a) There shall be no discrimination in the hiring, firing and other terms and conditions of employment . . . against any applicant for employment based solely upon any physical, mental, or visual handicap of the applicant, unless such handicap to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved. . . .

The Sixth Circuit has construed the term "applicant" to include current employees. *Chandler v. Specialty Tires of America*, 283 F.3d 818, 822 (6th Cir. 2002). Additionally, courts have stated that the term "handicap" should be defined by reference to the definition of handicap in the THRA. *See, e.g., Barnes v. The Goodyear Tire & Rubber Co.*, 48 S.W.2d 698 (Tenn. 2000). That definition is as follows:

> "Handicap" means, with respect to a person:
>
> (i) A physical or mental impairment which substantially limits one (1) or more of such person's major life activities;
> (ii) A record of having such an impairment; or
> (iii) Being regarded as having such an impairment . . .

12

Tenn. Code Ann. 4-21-102(9)(A).

Thus, in order to prove a prima facie case under the THA, Plaintiff would have to show a physical or mental impairment that substantially limits one or more of her major life activities, a record of such an impairment, or being regarded as having such an impairment. Plaintiff never made any such averments in her Complaint, stating only that she was "discriminated against because of her physical limitations. . . .: Docket Entry No. 1, Ex. A.

Even if Plaintiff had appropriately raise a "regarded as disabled" claim under the THA, she cannot establish a prima facie case. The Tennessee Supreme Court has held that the THA can be construed in accordance with federal interpretations of the Americans With Disabilities Act ("ADA"). *Barnes*, 48 S.W.2d at 705.

The United States Supreme Court discussed the "regarded as" disabled provision of the ADA in *Sutton v. United Airlines, Inc.*, 527 U.S. 471 (1999). The Court stated in pertinent part as follows:

> There are two apparent ways in which individuals may fall within [the statutory definition of being regarded as having an impairment]; (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activities. In both cases, it is necessary that a covered entity entertain misperceptions about the individual - it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting. These misperceptions often "result from stereotypic assumptions not truly indicative of . . . individual ability."

527 U.S. at 489.

Plaintiff never establishes (or even argues) that Defendant believed either of these things, much less that Defendant "mistakenly" believed them. Moreover, Plaintiff never avers or

13

establishes exactly which of her major life activities Defendant mistakenly believed was limited.

In summary, Plaintiff's Complaint did not claim that she suffered from a handicap or that she was disabled; she merely alleged that she suffered from "physical limitations." Additionally, in discussing her "physical limitations," Plaintiff's Complaint did not cite the statute that would have provided her with a potential cause of action for disability discrimination. Even if she had done so, however, she has not established the requisite elements of a prima facie case under that statute. Defendant, therefore, is entitled to a judgment as a matter of law concerning Plaintiff's claims for disability discrimination.

Plaintiff finally avers that Defendant discriminated against her and terminated her employment in retaliation for filing a workers' compensation claim in violation of Tenn. Code Ann. § 50-1-304. *See* Docket Entry No. 1, Ex. A. Tenn. Code Ann. § 50-1-304 (the "whistle blower" statute), states in pertinent part: "No employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann. § 50-1-304(a). Plaintiff does not allege, (1) that Defendant engaged in any illegal activity in which she refused to participate or about which she refused to remain silent, (2) that she reported any such activity, or (3) that she was terminated as a result of any such refusal to participate or remain silent, and this statute is inapplicable to Plaintiff's filing a workers' compensation claim. Accordingly, Plaintiff cannot establish that Defendant violated her rights under this statute and Defendant is entitled to a judgment as a matter of law with regard to this claim.

### IV. Conclusion

For the reasons set forth above, the undersigned concludes that Plaintiff has failed to

raise a genuine issue as to material fact with regard to the allegations of her Complaint, and that Defendant is entitled to a judgment as a matter of law. Defendant's Motion for Summary Judgment will, therefore, be GRANTED.

An appropriate Order will be entered.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

15